IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD GREGG, | : | CIVIL ACTION |
|     Petitioner, | : | |
| vs. | : | |
| | : | |
| SUPERINTENDENT KERESTES; | : | NO. 09-3514 |
| DISTRICT ATTORNEY OF THE COUNTY | : | |
| PHILADELPHIA LYNNE ABRAHAM; and, | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA, | : | |
|     Respondents. | : | |

DuBOIS, J.                                                                                                                                           JANUARY 12, 2010

## **M E M O R A N D U M**

### I.    INTRODUCTION

Presently pending before the Court is Reginald Gregg's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Chief United States Magistrate Judge Thomas J. Rueter submitted to the Court a Report and Recommendation dated December 22, 2009 ("R&R"), in which he recommended that the Petition be denied and dismissed. On December 30, 2009, petitioner filed Objections to the R&R.

This Memorandum addresses the issues raised in the Objections. For the reasons set forth below, the Objections are overruled. The Court approves and adopts the R&R in its entirety.

### II.    DISCUSSION

The facts of the case are set forth in detail in the R&R and will not be repeated in this Memorandum. Petitioner makes two separate objections in his difficult to comprehend submission. The Court will address each one in turn.

#### A.    Objection One

Petitioner challenges the finding of the R&R that he did not exhaust all state court

remedies with respect to the first issue raised in the Petition, resulting in a procedural default. The first issue raised in the habeas petition was that petitioner's guilty plea was invalid because he did not understand that he was waiving self-defense as a legal justification for the killing. That issue was not raised on direct appeal when petitioner was represented by counsel.

Petitioner suggests that he intended to raise the waiver of self-defense issue before the Superior Court in his *pro se* appeal from the dismissal of his PCRA petition, but the Superior Court did not recognize that issue as having been raised. In addressing that issue in its opinion, the Superior Court found that petitioner's *pro se* brief was "incomprehensible" and that there were only two issues raised in the brief, neither of which addressed the self-defense issue. *See* R&R at 6-7.

In this first objection, petitioner assumes, "for the sake of argument," that he did not raise the self defense issue before the Superior Court. He then goes on to argue that under Pennsylvania Supreme Court precedent, the Superior Court should have given him an opportunity to "remedy" the deficiencies in his brief filed in the PCRA appeal. However, the new claim advanced to excuse the procedural default was itself never exhausted in state court, and thus cannot be used as "cause" for the procedural default of the federal claim. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). The *Edwards* case holds that a claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted.

Separate and apart from the issue of procedural default of the first claim, the R&R recommends, in the alternative, that petitioner's first claim be denied on the merits. The Court agrees with that alternative recommendation, and it is approved and adopted.

### B. Objection Two

Petitioner's second objection restates arguments with respect to ineffective assistance of counsel which were made in the Petition. He does not "specifically identify" the portion of the R&R to which objection is made and the basis for such objection as required by Local Rule 72.1(IV)(b). Petitioner's ineffective assistance of counsel arguments were rejected in the R&R at pages 7-15, and the Court approves and adopts that part of the R&R. In doing so, the Court notes that the ineffectiveness of counsel issue was not found to be procedurally defaulted; the R&R recommended denial of that claim on the merits, and the Court agrees.

### III. CONCLUSION

For all of the foregoing reasons, petitioner's Objections to the Report and Recommendation are overruled, the Report and Recommendation of Chief United States Magistrate Judge Thomas J. Rueter dated December 22, 2009, is approved and adopted, and the Petition for Writ of Habeas Corpus is dismissed and denied. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate order follows.